# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:07-cr-00110-GMN-NJK-1 |
| vs. | ) | |
| | ) | **ORDER** |
| SERGIO HUGO HERNANDEZ, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner Sergio Hugo Hernandez's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), (ECF No. 38).  The Government did not file a Response.  Instead, the Government filed a Motion to Dismiss Petitioner's § 2255 Motion, (ECF No. 43), to which Petitioner filed a Response, (ECF No. 45).

Further pending before the Court are Petitioner's Motion to Proceed *in forma pauperis*, (ECF No. 39), and Motion for Status of Petition, (ECF No. 44).  The Government did not file a Response to either motion, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Petitioner's § 2255 Motion, **GRANTS** the Government's Motion to Dismiss Petitioner's § 2255 Motion, and **DENIES as moot** Petitioner's Motion to Proceed *in forma pauperis* and Motion for Status of Petition.

## I.   BACKGROUND

In 2003, Petitioner was deported from the United States to Mexico. (Plea Memo. 11:3–4, ECF No. 27).  Petitioner knowingly and voluntarily entered the United States and was subsequently apprehended by law enforcement in April of 2007. (*Id*. 11:4–8).  On February 15, 2008, Petitioner pleaded guilty to one count of Illegal Reentry in violation of 8 U.S.C. § 1326.

(*See generally* Mins. Proceeding, ECF No. 26). As part of Petitioner's plea bargain, he waived his right to appeal or to collaterally challenge his conviction or sentence. (Plea Memo. 6:20–7:13). Specifically, Petitioner's plea agreement provided that he "voluntarily and knowingly" waived: "his right to bring any collateral attack against his convictions or sentence, except for a claim of ineffective assistance of counsel." (*Id*. 6:25, 7:4–5). On October 27, 2021, Petitioner filed the instant § 2255 Motion. (*See generally* § 2255 Mot., ECF No. 38). The Court discusses Petitioner's § 2255 Motion below.

## II.    LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See also Davis v. United States*, 417 U.S. 333, 344-45 (1974). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]"). Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."

*United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

## III. DISCUSSION

Petitioner filed the instant § 2255 Motion, arguing that his conviction and sentence should be vacated in light of this Court's decision in *United States v. Carrillo-Lopez*, 555 F. Supp. 3d 996 (D. Nev. 2021). (§ 2255 Mot. at 5–6). In *Carrillo-Lopez*, Chief Judge Du determined that Congress enacted 8 U.S.C. § 1326 because of racial animus and therefore violated the Equal Protection Clause of the Fifth Amendment under the *Arlington Heights* standard. *See Carrillo-Lopez*, 555 F. Supp. at 1005. In rebuttal, the Government contends that Petitioner's § 2255 Motion fails as untimely.[1] (Mot. Dismiss 2:14–5:10, ECF No. 43).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations period for a defendant to file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). This one-year period begins to run once the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired. *See United States v. LaFrombiose*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). As Petitioner did not file a direct appeal, his judgment became final for § 2255 purposes when his time to appeal expired under the Federal Rules of Appellate Procedure—*i.e.*, fourteen days after the entry of judgment in the district court. *See* Fed. R. App.

---

[1] In addition to timeliness, the Court notes that the Government raised three additional arguments. (Mot. Dismiss 5:11–12:15). Because the Court finds that the timeliness issue is dispositive, it declines to address the Government's remaining arguments.

P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed . . . within 14 days after . . . the entry of . . . the judgment . . . being appealed").

Here, the Court entered judgment on July 21, 2008. (*See generally* J., ECF No. 34). Therefore, Petitioner had until August 4, 2009, to challenge that conviction or sentence pursuant to a § 2255 Motion. Petitioner filed the present § 2255 Motion on October 26, 2021, over thirteen years after his judgment became final. (*See generally* § 2255 Mot.). As Petitioner provides no reason for the delay in filing his § 2255 Motion,[2] (*see generally* Resp., ECF No. 45), he has not established a basis for equitable tolling. Therefore, his § 2255 Motion is untimely and shall be denied.[3]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 38), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Petitioner's § 2255 Motion, (ECF No. 43), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *in forma pauperis*, (ECF No. 39), and Motion for Status of Petition, (ECF No. 44), are **DENIED as moot**.

**DATED** this __31__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Indeed, Petitioner's Response addresses all the Government's arguments except its contention that Petitioner's motion is untimely. (*See generally* Resp.).

[3] Additionally, although not raised by the Petitioner, the Court notes that 28 U.S.C. § 2255(f)(3) is inapplicable to his claim. 28 U.S.C. § 2255(f)(3) provides a one-year limitations period to habeas petitions based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As *Carillo-Lopez* was a decision issued by the United States District Court for the District of Nevada, this section does not apply to Petitioner's claim. *See Sutton v. United States*, No. 16-cv-3635, 2018 WL 10689591, at *3 (C.D. Cal. Nov. 21, 2018) ("Petitioner's fourth claim does not rely on a recent *Supreme Court decision* that would bring it within 28 U.S.C. § 2255(f)(3).") (emphasis added).